UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ORLANDO DEENAIR DAVIS,

                Petitioner,                Case No. 2:11-cv-313

v.                                          Honorable R. Allan Edgar

ROBERT NAPEL,

                Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Background and Procedural History**

Petitioner is incarcerated in the Marquette Branch Prison. Petitioner was charged in the Calhoun County Circuit Court with assault to commit murder, possession of a firearm during the commission of a felony (felony-firearm) and carrying a concealed weapon, arising from an altercation that occurred on June 1, 2008, between Petitioner and the complaining witness at the Colors Club in Battle Creek. During the altercation, the complainant was shot in the leg and abdomen. On October 31, 2008, Petitioner pleaded no contest to the felony-firearm charge and the reduced charge of assault with intent to commit great bodily harm. (Plea Hearing Transcript (Plea Tr.), 5, docket #2-1.) As part of the plea agreement, the prosecutor stated that he would recommend a sentence of four to ten years, which would exceed the sentencing guideline range for the reduced charge of assault with intent to commit great bodily harm, but the defense could argue for a lesser sentence. (Plea Tr., 7.) Defense counsel and Petitioner explicitly agreed to that term. (Plea Tr., 8.)

The sentencing hearing was held on December 12, 2008. Defense counsel argued that Petitioner should be sentenced within the guideline range of 19 to 38 months due to mitigating circumstances, namely that the complaining witness was the aggressor. (Sentencing Transcript (Sentence Tr.), 8-9, docket #2-2.) The trial court sentenced Petitioner to imprisonment of four to ten years for the assault charge and two years for the felony-firearm charge. In support of his departure from the sentencing guidelines, the trial court stated in part:

> . . . . Young Men and guns and anger constitute a cancer on our community that absolutely must seize [sic].
>
> The prosecutor is right, several shots were fired. More than one person was injured.[1] Your lawyer accomplished a great deal on your behalf by having a life offense reduced down to an offense that carries ten years.

---

[1] Apparently, a second person was shot, but refused to cooperate with the prosecution. (Sentence Tr., 10.)

> Taking everything into consideration -- you know your record. You don't have an assaultive crime before, but there are many drug offenses in your background. You're only 18 years old, such a young man.

(Sentence Tr., 11.)

In his application for leave to appeal in the Michigan Court of Appeals, Petitioner challenged the trial court's upward departure from the sentencing guidelines. The court of appeals denied his application on March 26, 2009. Petitioner raised the same claim in his application for leave to appeal in the Michigan Supreme Court, which was denied on August 6, 2009.

Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court on January 19, 2010. The court denied his motion on April 19, 2010. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on October 5, 2010 and March 29, 2011, respectively.[2]

In his application for habeas corpus relief, Petitioner contends that his sentence of four to ten years for assault with intent to commit great bodily harm violates his Eighth Amendment right against cruel and unusual punishment.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot

---

[2] Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). With the benefit of tolling while his motion for relief from judgment was pending in the state courts, see 28 U.S.C. § 2244(d)(2), Petitioner's motion was timely filed.

be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

Petitioner contends that his sentence of four to ten years for assault with intent to commit great bodily harm amounts to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Petitioner argues that his sentence was grossly disproportionate to the offense and the offender.[3]

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). Most sentencing claims are rooted in state law and, thus, are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). There is no

---

[3] Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275-77 (1971) *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. It is unclear whether Petitioner presented his federal constitutional claim in the state courts or merely presented his sentencing claim under state-law principles. Even if Petitioner failed to exhaust his Eighth Amendment claim in the state courts, this Court may dismiss the petition notwithstanding his failure to exhaust state-court remedies. *See* 28 U.S.C. § 2254(b)(2).

constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Thus, Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief. *See Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov.19, 1993); *Drew v. Tessmer*, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999).

With regard to Petitioner's Eighth Amendment claim, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965 ; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life

in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the ten-year statutory maximum. Consequently, Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.

Dated:    9/19/2011               /s/ R. Allan Edgar
                                  R. Allan Edgar
                                  United States District Judge